IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZOOBUH, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SAVICOM, INC., d/b/a MINDSHARE DESIGN; DG INTERNATIONAL, a foreign entity domestically registered in Delaware; and DG INTERNATIONAL LIMITED, a Delaware limited liability company,<br><br>        Defendants. | **[SEALED ENTRY, SEALED ORDER] MEMORANDUM DECISION AND ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ASSET FREEZE**<br><br>Case No. 2:17-cv-01098-JNP<br><br>District Judge Jill N. Parrish |

Before the court is ZooBuh, Inc.'s ("ZooBuh") sealed ex parte motion for a Temporary Restraining Order ("TRO") and asset freeze (ECF No. 77) against DG International. For the following reasons, the motion is denied.

## BACKGROUND

ZooBuh is a Utah corporation with its principal place of business in Utah County, Utah. ZooBuh provides email services to its customers, and it owns all of the servers, routers, and switches on its network. Every ZooBuh email account is registered, hosted, and serviced through ZooBuh's hardware.

DG International is a foreign company located in Basseterre, St. Kitts. DG International contracted with DG International Limited, LLC ("DGI LLC"), a Delaware limited liability company, to send emails to persons on DG International's customer lists. The customer list at issue in this case contained email addresses for persons who had supposedly registered for the dating website xdating.com.

1

Zoobuh and its customers have received thousands of email advertisements for xdating.com. But, according to ZooBuh, neither it nor its customers elected to receive email advertisements for xdating.com. ZooBuh alleges that all of the emails at issue violate at least one or more provisions of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 (CAN-SPAM Act), 15 U.S.C. §§ 7701, *et seq*. ZooBuh alleges that it has suffered harms to its business, including financial harm, lost time, and server crashes.

ZooBuh filed suit against DG International and DGI LLC (collectively "Defendants") for their alleged violations of the CAN-SPAM Act on September 29, 2017.[1] After a year and a half of litigation, on March 8, 2019 and April 3, 2019, respectively, the court entered default judgment against Defendants in favor of ZooBuh in the amount of $3,003,600.00. Final judgment against Defendants was entered on April 4, 2019.

Upon learning of this lawsuit, DG International closed its U.S. operations and moved its assets overseas to avoid collectability. DG International's only assets in the United States are certain Web Domains currently registered with Godaddy.com. *See* Ex Parte Mot. TRO at ¶ 4. ZooBuh intends to seek Writs of Execution against the Web Domains. But, in the meantime, ZooBuh's pending ex parte motion seeks a temporary restraining order to lock DG International's web domains in place and prohibit their transfer until they can be auctioned for sale by the U.S. Marshal in order to satisfy Plaintiff's judgment. ZooBuh asserts that without an asset freeze, DG International will merely transfer its Web Domains to a third party, thereby rendering its assets untouchable.

---

[1] ZooBuh dismissed Savicom, Inc. and Sylvia van Baekel from this action on August 15, 2018 and March 13, 3019 respectively.

## ANALYSIS

### A. A TRO is not an Appropriate Remedy at this Stage in the Litigation Where Final Judgment has now been Entered

This is not a typical preliminary injunction motion. "Preliminary injunctions are extraordinary equitable remedies designed to 'preserve the relative positions of the parties until a trial on the merits can be held.'" *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009). But in this case, the court has already entered final judgment against defendants, DG International and DG International Limited ("DG Defendants").[2] Thus, the merits of the case have been resolved and the court has already determined that ZooBuh is entitled to a monetary judgment of $3,003,600.00 against both defendants. The court fails to see, and ZooBuh has failed to explain how the court could enter *preliminary* injunctive relief after final judgment.

### B. The District Court May Not Have Authority to Issue an Ex Parte Asset Freeze in this Case

Even had final judgment not been entered, ZooBuh failed to establish that the district court has authority freeze Defendant's assets through a TRO or preliminary injunction. While Fed. R. Civ. P. 65 "governs the *procedure* for the issuance of a preliminary injunction: the *authority* for [an asset freeze preliminary injunction] must arise (if at all) elsewhere." *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 558 (9th Cir. 1992) (emphasis in original). In its motion, ZooBuh cites to the following cases for its proposition that the court may order an asset freeze: *Levi Strauss & Co. v. Sunrise Intl Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984); *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 193 (4th

---

[2] When ZooBuh filed its Ex Parte Motion for a Temporary Restraining Order, the court had only entered default judgment as to DG International.

Cir. 2002); *Grupo Mexicano de Desarrollo, SA v. Alliance Bond Fund, Inc.,* 527 US 308 (1999); *Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir. 2009); and *New Jersey v. New York City,* 283 U.S. 473, 482. But none of these cases support the relief it seeks.

### 1. The CAN-SPAM Act Does Not Authorize Ex Parte Injunctive Relief

ZooBuh's first set of cases, *Levi Strauss & Co. v. Sunrise Intl Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984); and *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc.*, 276 F.3d 187, 193 (4th Cir. 2002), all stand for the proposition that an asset freeze may be appropriate when an underlying federal statute authorizes injunctive relief. But, the CAN-SPAM Act does not authorize ex parte injunctive relief.

For example, in *Levi Strauss*, the Eleventh Circuit Court of Appeals upheld an asset freeze issued in a matter involving a claim for trademark counterfeiting under 15 U.S.C. § 1117. The court held that because the Lanham Act specifically authorizes ex parte injunctive relief in civil actions involving counterfeit goods, *see* 15 U.S.C. § 1116 (d), the district court had ancillary authority to issue an asset freeze, based on its "inherent equitable powers to order preliminary relief . . . in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987. Meanwhile the courts in *United States Oil and Gas Corporation* and *Kimberlynn Creek Ranch* both grappled with the reach of federal statutes that specifically authorized preliminary injunctive relief. *See United States Oil and Gas Corp.*, 748 F.2d at 1433-34 (deciding whether 15 U.S.C. § 53(b), which grants the district court authority to issue temporary restraining orders and preliminary injunctive relief, also authorized the district court to enter permanent injunctive relief) and *Kimberlynn Creek Ranch, Inc.*, 276 F.3d at 193 (addressing whether the district court had authority to issue an asset freeze as to nominal defendants when the Commission had not alleged

4

that nominal defendants violated the Commodity Exchange Act as required by 7 U.S.C. § 13a-1(a)). But the CAN-SPAM Act does not contain a similar provision authorizing ex parte motions for preliminary injunctive relief, nor has ZooBuh established that the CAN-SPAM Act provides the court the authority to issue an asset freeze in this case.

### 2. The District Court Does Not Have the Authority to Enter a TRO Freezing Defendants' Assets Solely to Ensure a Monetary Judgment is Available

The remaining cases cited by ZooBuh are either irrelevant, *see New Jersey v. New York City,* 283 U.S. 473, 482, or stand for the proposition that the district court may not issue an asset freeze when plaintiffs seek only monetary relief and not equitable relief. *See Grupo Mexicano de Desarrollo, SA v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999), and *Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir. 2009).

First, *New Jersey v. New York City*, 283 U.S. at 482, did not relate to an asset freeze, but rather an injunction restraining the City of New York from dumping its garbage into the ocean. Second, although ZooBuh cites *Grupo Mexicano*, 527 U.S. 308, for the proposition that "freeze orders would be appropriate in damages actions only upon a finding that, without the freeze, 'the movant would be unable to collect [a money] judgment,'" *id.* at 340 (Ginsburg, J., *concurring in part and dissenting in part*), ZooBuh's citation is from Justice Ginsburg's dissent, not from the majority opinion. In fact, the Supreme Court actually held that because a freeze order "was historically unavailable from a court of equity, . . . the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." *Id.* at 333. This holding was reiterated in *Johnson v. Couturier*, 572 F.3d 1067, 1084 (9th Cir. 2009), where the court distinguished *Grupo Mexicano* and upheld an asset freeze on the grounds that the plaintiffs sought "equitable relief pursuant to section 409(a), 29 U.S.C. § 1109(a), and section 502(a)(3), 29 U.S.C. § 1132(a)(3), of

5

ERISA," *id.* at 1083, and thus the preliminary injunction was not barred because "*Grupo Mexicano* . . . exempts from its proscription against preliminary injunctions freezing assets[,] cases involving bankruptcy and fraudulent conveyances, and cases in which equitable relief is sought," *id.* (alteration in original) (quoting *Rubin v. Pringle (In re Focus Media Inc.)*, 387 F.3d 1077, 1085 (9th Cir. 2004)).

In short, "[a] court has the power to issue a preliminary injunction in order to prevent a defendant from dissipating assets in order to preserve the possibility of equitable remedies." *Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Republic of the Philippines v. Marcos,* 862 F.2d 1355, 1364 (9th Cir.1988) (en banc), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1933, 104 L.Ed.2d 404 (1989)). But ZooBuh has not established that it is entitled to an asset freeze here. ZooBuh did not seek any equitable remedies for which an asset freeze would have been necessary.[3] More importantly, ZooBuh has been awarded final judgment on its claim for statutory damages under 15 U.S.C. § 7704(a)(1). The court cannot therefore issue a *preliminary* injunction.

## ORDER

ZooBuh's ex parte motion for a TRO or preliminary injunction (ECF No. 77) is **DENIED**. This ruling is without prejudice as to ZooBuh's ability to proceed with enforcement of its final judgment through executing on the assets identified by ZooBuh in its motion. To that end, the court **HEREBY ORDERS** that this order be entered as a sealed entry, and that this order, as well

---

[3] ZooBuh's Amended Complaint sought entry of judgment against Defendants for violations of 15 U.S.C. § 7704(a)(1) and (a)(2), treble damages pursuant to 15 U.S.C. § 7706(g)(3), attorneys' fees and costs pursuant to 15 U.S.C. § 7706(g)(4), and pre and post-judgment interest at the highest rate permitted by law. ZooBuh's Amended Complaint included a single equitable claim for a permanent injunction prohibiting Defendants from sending or causing to be sent email messages to ZooBuh and its customers. But this equitable relief could be entered with or without an asset freeze, and thus cannot be the source of the court's authority to enter an asset freeze.

as Documents 77–80, **shall remain sealed and designated as sealed entries** for **thirty days** from the date of this order. In that time, ZooBuh is hereby granted permission to enter under seal and as sealed entries any such pleadings and/or documents necessary to enforce its now final judgment against Defendants' assets.

Signed April 5, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

United States District Court
for the
District of Utah
April 5, 2019

******MAILING CERTIFICATE OF THE CLERK******

RE: ZooBuh v. Savicom et al
Case No: 2:17-cv-01098-JNP

Jordan K. Cameron
DURHAM JONES PINEGAR PC
3301 N THANKSGIVING WY STE 400
LEHI, UT 84043

/s/Jeff Taylor
_____

Jeff Taylor, Deputy Clerk